

# The Attorney General of Texas

July 7, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James B. Adams
Director
Department of Public Safety
5805 N. Lamar Boulevard
P. O. Box 4087
Austin, Texas 78773

Opinion No. MW-203

Re: Whether Texas precertifica-
tion enforcement system for brake
fluid standards has been preempted
by the Federal Government

Dear Colonel Adams:

You request our opinion as to whether the Texas precertification enforcement system for brake fluid standards has been preempted by the Federal Brake Fluid Act as found in the National Traffic and Motor Safety Act of 1966, 15 U.S.C. §1381 et seq. We are informed that the Texas Standards for brake fluid are identical to the federal standards for brake fluid, but that the Texas rules call for pre-sale enforcement of the standards while the federal scheme is based on post-sale enforcement of the standards.

The federal program is based on a self-certification system. Manufacturers certify compliance with the standards after the required testing, laboratory reports, and other data are compiled. If equipment is later discovered to be substandard or not in compliance, corrective action is sought by the NHTSA; failing that, the problem is referred to the Attorney General. Remedies enforced under the Safety Act include substantial penalties and recall campaigns.

Enforcement of the same brake fluid standards under the Texas plan require that the manufacturer, or their agents, furnish a sample of the fluid and file an application for registration of the brake fluid for marketing in Texas. The application includes either a test report from an independent laboratory showing compliance with the federal standard or a current copy of an American Association of Motor Vehicle Administrators equipment approval certificate for brake fluid. Your office informs us that the Texas registration takes less than two weeks upon receipt of the proper materials.

To determine whether the federal enforcement plan preempts the state enforcement plan, it must be determined whether the Texas law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Hines v. Davidowitz, 312 U.S. 52, 67 (1941). Different jurisdictions have reached different conclusions with regard to whether their state standards were preempted depending on the details of

p. 656

the various states' statutes. Compare California Attorney General Memorandum, Feb. 1, 1968 (state standards held enforceable) with Truck Safety Equipment Institute v. Kane, 466 F. Supp. 1242 (M.D., Pa. 1979) and Oklahoma Attorney General Opinion 79-312 (1980).

In Pennsylvania v. Nelson, 350 U.S. 497 (1956), the Supreme Court held that the prohibitions of the federal Smith Act superseded Pennsylvania's proscription of the same conduct by that state's Sedition Act. The following guide lines were set forth:

> 1. Is the scheme of federal regulation so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it?

> 2. Does the federal statute touch a field in which the federal interest is so dominant that the federal system must be assumed to preclude enforcement of state laws on the same subject?

> 3. Would enforcement of the state statute present a serious danger of conflict with administration of the federal programs?

In applying such general considerations, the Court has consistently required a clear indication of congressional intent to displace state regulation. Where a state's police power in involved, preemption is not presumed. Maurer v. Hamilton, 309 U.S. 598 (1940); Chrysler Corporation v. Tofany, 419 F. 2d 499 (2nd Cir. 1969).

Congressional intent is particularly important in answering the first two guidelines set out above. 15 U.S.C. §1392(d) provides that:

> Whenever a Federal motor vehicle safety standard established under this subchapter is in effect, no State or political subdivision of a State shall have any authority either to establish, or to continue in effect, with respect to any motor vehicle or item of motor vehicle equipment any safety standard applicable to the same aspect of performance of such vehicle or item of equipment which is not identical to the Federal Standard . . . .

The language of section 1392(d) expresses a congressional intent to allow the states to enact identical safety standards applicable to the same vehicles or items of equipment, and to subject such standards to both federal and state control. There is a clear intent that the states shall enforce an identity in the standards themselves, so that compliance with the federal standards will necessarily constitute compliance with state standards, if any. Identity in the process or means of enforcement is impossible, but is not required to accomplish the intent of obtaining uniformity in the standards themselves and thus relieving the manufacturers of the burden of conforming to more than a single set of standards.

Even after finding that Congress did not intend to preclude state enforcement of the brake fluid standard, the state plan must still be found not to be so burdensome that it presents a serious danger of conflict with the administration of the federal program. The state plan does not require registration fees or a lengthy registration process that would interfere with the sale of brake fluids in Texas. It does require that the brake fluid be independently certified to meet federal standards before it is sold rather than after sale or after an accident. Any brake fluid that is shown to meet the federal standard can be marketed in Texas. A brake fluid that cannot be shown to meet the federal standard is considered unsafe for marketing purposes in Texas. The state plan does not appear to prevent a serious danger to the administration of the Federal program.

## SUMMARY

The State of Texas is not preempted by federal law from engaging in pre-sale enforcement of regulations which are identical to the federal regulations and applicable to the same item of equipment or vehicle. Enforcement may include the requirement that brake fluid be tested by an independent laboratory and that a sample be submitted for testing to the Department of Public Safety for its approval prior to the brake fluid being sold in this state.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Peter Nolan
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Susan Garrison
Rick Gilpin
Peter Nolan